LORENZO DÁVILA, demandante y apelante, *v.* ANTONIO SOTO-
MAYOR y GERÓNIMA PIZARRO, demandados y apelada la se-
gunda.

### No. 4182.—*Visto:* Marzo 10, 1927. *Resuelto:* Mayo 18, 1927.

1. HOGAR SEGURO *(Homestead)*—PROTECCIÓN Y EFECTIVIDAD *(Enforcement)* DEL
DERECHO—FIJACIÓN DEL DERECHO—EN GENERAL.—No tratándose en este
caso de un juicio arbitral ni de amigables componedores, huelga toda dis-
cusión sobre la vigencia o no del juicio de amigables componedores de la
Ley de Enjuiciamiento Civil antigua y si se cumplieron o no las formali-
dades exigidas para dicho juicio.

2. ESTOPPEL—IMPEDIMENTO EN EQUIDAD *(Equitable Estoppel)*—NATURALEZA Y
REQUISITOS EN GENERAL—ACTOS PROPIOS EN GENERAL—REPUDIACIÓN DE LOS
MISMOS.—Las palabras de una corte al efecto de que no es lícito a una parte
impugnar un convenio, deben interpretarse con las salvedades que para tales
casos fija la jurisprudencia.

3. HOGAR SEGURO *(Homestead)*—PROTECCIÓN Y EFECTIVIDAD *(Enforcement)* DEL
DERECHO—FIJACIÓN DEL DERECHO—PERSONAS NOMBRADAS PARA ELLO POR
LAS PARTES—PROCEDIMIENTO A SEGUIR NO FIJADO Y EFECTO.—Aprobada una
estipulación de las partes encomendando a dos personas el determinar sobre
el terreno cierto derecho de *homestead* sin fijarles el procedimiento a seguir,
el no notificar a dichas personas su nombramiento por los funcionarios de
la corte y el actuar dichas personas sin notificar a las partes, no constituye
error que invalide por sí solo el dictamen por ellas rendido.

4. HOGAR SEGURO *(Homestead)*—PROTECCIÓN Y EFECTIVIDAD *(Enforcement)* DEL
DERECHO—FIJACIÓN DEL DERECHO—PERSONAS NOMBRADAS PARA ELLO POR
LAS PARTES—DICTAMEN FINAL.—Cuando nada demuestra que el dictamen
final de personas a quienes se ha encomendado la fijación de un derecho de
*homestead* sea doloso o fraudulento o que a él se llegara por un procedi-
miento enteramente ilegal, una corte actúa derechamente al aprobarlo.

RESOLUCIÓN de *Angel Acosta Quintero,* J. (Ponce), aprobando dic-
tamen final sobre fijación de un derecho de *homestead* con costas
incluyendo honorarios de abogado. *Confirmada.*

*Arjona & Arjona,* abogados del apelante; *V. Zayas Pizarro,* abo-
gado de la apelada.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del
tribunal.

Versa la presente apelación sobre la ejecución de la sen-
tencia dictada finalmente en este pleito a virtud del recurso

que primeramente se interpuso contra el fallo dictado en el mismo por la corte de distrito.

Dice la sentencia en lo pertinente así:

"... por los motivos consignados en la opinión que antecede, se modifica la sentencia apelada en el sentido de que procede declarar con lugar el desahucio solicitado debiendo el demandante reconocer a la demandada el derecho de *homestead* reclamado por ésta sobre la finca en cuestión y, así modificada, se confirma. Si las partes no pudieren ponerse de acuerdo sobre la fijación del derecho de *homestead,* acudirán a la corte de distrito y ésta tomará las medidas necesarias para resolver de una manera justa y equitativa el conflicto."

Cumpliendo con la misma las partes presentaron a la corte la siguiente estipulación:

"Que de acuerdo con la sentencia de la Honorable Corte Suprema de Puerto Rico por virtud de la cual se le reconoce el Homestead a la demandada, han nombrado: El demandante a don Fidel Salichs, y la demandada a don Antonio Correa, personas entendidas en la materia para valorar la casa y un pedazo de terreno con dicha casa que represente el valor de dicho Homestead, o sean $500.00 y una vez hecha esta valoración por dichos peritos que las partes se comprometen a acatar y aceptar, el demandante y demandado otorgarán una escritura por virtud de la cual el demandante trasmitirá a favor de la demandada el predio así valorado en quinientos dólares con dicha casa, en pago de su Homestead. Lo que firman de conformidad para que produzca sus efectos legales. Ponce, P. R., octubre 4, 1926. Respetuosamente, Fdo. Vicente Zayas Pizarro (Abogado de la demandada Gerónima Pizarro.) Fdo. Arjona & Arjona. Por: R. Arjona Siaca. (Abogado del demandante.)"

A la estipulación recayó una orden que dice:

"Como se pide, se aprueba la estipulación presentada por las partes, según arriba se expresa. Ponce, P. R., octubre 13, 1926. Fdo. Angel Acosta (Juez del Distrito)."

Aparece después en los autos el dictamen de los peritos así:

"De una parte, Fidel Salichs, mayor de edad, propietario y vecino de Juana Díaz, en su carácter de perito nombrado por don Lo-

renzo Dávila, y de otra parte, don Antonio Correa, propietario, mayor de edad y vecino de Juana Díaz, en su carácter de perito nombrado por doña Gerónima Pizarro y hacen constar:—1. Que de acuerdo con el nombramiento que les fué notificado el día 4 de octubre de 1926 se rindió un informe por virtud del cual el señor Salichs valoró las 7 cuerd'as donde está enclavada la casa de la señora Pizarro en la suma de $350.00 y la casa que la misma habita en $150.00 o sea en conjunto $500.00, la cual valoración fué aceptada por el perito señor Correa, en la misma fecha, luego de haber examinado ambos peritos cuidadosamente la finca de 25 cuerdas de donde se ha de segregar el predio que se le otorgará en pago de su Homestead a la señora Pizarro. 2. Que a los efectos legales consiguientes los peritos pasan a describir el predio que ha de ser segregado y que ha sido tasado en este caso juntamente con la casa en la suma de $500.00 a saber:—Rústica, predio de terreno radicado en el barrio Río Cañas Arriba del término municipal de Juana Díaz, con cabida de 7 cuerdas, equivalentes a 2 hectáreas, 75 áreas y 13 centiáreas. Contiene una casa de madera, techada de zinc. Linda al norte con el resto de la finca de 25 cuerdas, al sur con el camino vecinal que divide terrenos de Antonio Correa, al este con Ramón y Cirila Pizarro, y al oeste con el resto de la finca principal. Se firma por duplicado y de conformidad en el barrio Río Cañas Arriba de Juana Díaz, hoy día 15 de octubre de 1926. (Fdos.) Fidel Salichs y Antonio Correa.''

Así las cosas, la parte demandante impugnó el dictamen por los siguientes fundamentos:

''(a) Porque una vez sometida a la consideración de la corte la estipulación sobre arbitraje el demandante y apelante nunca tuvo conocimiento de que la misma hubiera sido aprobada, antes del día 15 de octubre de 1926.

''(b) Porque, por no haber tenido dicho conocimiento, el demandante y apelante nunca notificó el hecho a su propuesto árbitro, Sr. Salichs, a los efectos del juicio arbitral que debería celebrar con el árbitro propuesto por la demandada y apelada.

''(c) Porque ninguno de los árbitros propuestos fué notificado de su nombramiento por la corte, habiendo sí sido notificados, oficiosamente, por la demandada y apelada.

''(d) Porque dichos propuestos árbitros procedieron, con la ignorancia y en ausencia del demandante y apelante, pero en presen-

cia de la demandada y apelada y de sus mandatarios personales, a tasar y seleccionar el Homestead en este caso.

"(e) Porque dichos propuestos árbitros actuaron sin notificar al demandante y apelante, ni hacer saber a éste que iban a actuar, en alguna forma, como tales árbitros."

La parte demandada por el contrario pidió a la corte que aprobara el dictamen. La corte fijó el 16 de noviembre para oir a las partes. Comparecieron en efecto éstas y ofrecieron y practicaron prueba. La corte finalmente resolvió aprobar el dictamen y de su resolución fué que apeló el demandante para ante este tribunal.

Señala el apelante en su alegato la comisión de cuatro errores, así: 1. Erró la corte al estimar que el incidente era uno sobre juicio de amigables componedores y no uno sobre juicio de árbitros; 2, al estimar que el demandante estaba impedido de impugnar las actuaciones de los árbitros; 3, al no considerar el efecto de la falta de citación e intervención del demandante en el juicio arbitral, y 4, al sostener el fallo de los árbitros.

[1] Los errores primero y segundo se basan en el siguiente fundamento de la resolución apelada:

"Por cuanto en el presente caso no se trata rigurosamente de dos personas nombradas árbitros, sino más bien de dos amigables componedores, y cuya decisión fué estipulada y aprobada por esta corte, y se convino que sería final, la corte es de opinión que no le es lícito al demandante ir en contra de sus propios actos solemnemente estipulados y aprobados por esta Corte de Distrito."

Creemos sin embargo que aquí no se trata de juicio arbitral alguno, ni de amigables componedores, sino simplemente de dos personas a quienes las partes de común acuerdo encomendaron la tarea de separar de una determinada finca con la casa en ella existente una porción de terreno cuyo valor con el de la casa fuera el de quinientos dólares.

Siendo ello así huelga la amplia discusión de la parte apelante sobre si está vigente o no en Puerto Rico el juicio de

amigables componedores y sobre si se cumplieron o no las formalidades que se exigen para el juicio arbitral.

Ambas partes pudieron por sí mismas fijar el derecho de *homestead* reconocido a la demandada. Prefirieron encomendarlo a dos personas elegidas por ellas, haciéndolo constar en estipulación sometida a la aprobación de la corte y por ésta aprobada. Tal procedimiento es enteramente válido en derecho.

[2, 3] Las palabras de la corte con respecto a que no es lícito al demandante impugnar el convenio, no tienen el alcance que les atribuye el apelante, y deben interpretarse con las salvedades que para tales casos fija la jurisprudencia.

Lo que quiso decir y dijo en verdad la corte fué que el demandante no podía volver sobre sus pasos en el sentido de repudiar sus propios actos, pero no que no tuviera el derecho de impugnar el dictamen si éste era ilegal, o contrario a la estipulación, o doloso o fraudulento.

Ni el fraude ni el dolo se alegaron al impugnar el dictamen. La prueba practicada demuestra que la estipulación fué el acto libérrimo de las partes. Se expresó por el demandante que el Sr. Salichs, designado por él, lo fué en último término y sin una consideración cuidadosa, pero es lo cierto que fué finalmente designado. Ni se alegó, como hemos dicho, ni se probó el fraude. Hay insinuaciones en la prueba de que Salichs actuó favorablemente a la demandada y se comunicó con el abogado de ésta y no con el abogado de la parte que lo designó. Es cierto que hubiera sido más claro y correcto que se notificara todo lo que iba ocurriendo al demandante, pero en la estipulación no se fijó el procedimiento a seguir y ella por sus términos era bastante para que las personas elegidas procedieran a cumplir inmediatamente su cometido. La notificación oficial de los funcionarios de la corte no era imprescindible.

La prueba demostró que si bien las personas nombradas no procedieron a citar y a oir al demandante, tampoco citaron ni oyeron a la demandada. El único pozo existente en

la finca que se alegó que se había incluído en las tierras asignadas a la demandada, demostró la prueba que quedó en las tierras del demandante.

[4] Puede, en verdad, que el dictamen final sea favorable a la demandada, pero nada demuestra que sea doloso o fraudulento, o que a él se llegara por medio de un procedimiento enteramente ilegal. Siendo ello así, creemos que la corte actuó derechamente al aprobarlo y que no surge ninguna injusticia notoria del examen de los autos.

*Debe confirmarse la resolución apelada.*